
# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Cole Screenprint, Incorporated,<br><br>    Plaintiff,<br><br>    v.<br><br>Superior Imaging Group, Inc., a Washington Corporation, and Fascination Graphics, Inc., a Washington Corporation,<br><br>    Defendants and<br>    Counterclaim Plaintiff<br><br>    v.<br><br>Cole Screenprint, Inc., a Washington corporation, and Edwin Ogle and Donald G. O'Gara, individuals, and the respective marital communities of these individuals,<br><br>    Counterclaim Defendants. | No. C06-5396 JCC<br><br>STIPULATED PROTECTIVE ORDER |

## **STIPULATION**

Pursuant to Federal Rule of Civil Procedure 26, it appearing that discovery in the above-entitled action will involve the disclosure of confidential information, it is hereby stipulated by and among Cole Screenprint, Inc., Superior Imaging Group, Inc., and

STIPULATED PROTECTIVE ORDER
(C06-5396 JCC) - 1
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

Fascination Graphics, Inc., through their respective counsel of record, that the following Protective Order be entered to give effect to the terms and conditions set forth below.

**1.0   Definitions**

1.1   "Party" or "Parties" means Cole Screenprint, Inc., Superior Imaging Group, Inc., and Fascination Graphics, Inc., and/or any other persons or entities that subsequently file an appearance as a party in this litigation.

1.2   "Designating Party" means any of the Parties or any non-party producing documents or information under this Protective Order.

1.3   "Receiving Party" means any of the Parties who elect to receive information under this Protective Order.

1.4   "Protected Information" includes the following categories of information, and shall include printed or electronic documents produced prior to as well as during discovery, answers to interrogatories, responses to requests for admission, depositions, hearing or trial transcripts, and tangible things, the information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information whether contained in attorney work product or not.

1.4.1   "Confidential" designates Protected Information that a Designating Party believes to be of a proprietary business or technical nature and not readily available to competitors, potential competitors, and/or other third parties.  A Designating Party may so label or mark not only its own documents and things, but also documents of other Parties or non-parties in the Designating Party's possession, custody and/or control that the Designated Party is obligated (contractually or otherwise) to keep confidential.

1.4.2   "Confidential – Attorneys' Eyes Only" designates Protected Information that the Designating Party reasonably believes is "Confidential" information within the meaning of Section 1.4.1, the disclosure of which is

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 2
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

likely to cause harm to the competitive position of the Designating Party or to a non-party whose documents are designated as "Confidential – Attorneys' Eyes Only" by the Designating Party. Such information may fall into one or more of the following categories:

    1.4.2.1    Current Business Plans

    1.4.2.2    Future Business Plans

    1.4.2.3    New Product Development

    1.4.2.4    New Business Development (for old products)

    1.4.2.5    Trade Secrets (as defined by Washington law)

    1.4.2.6    Competitor Market Analysis

    1.4.2.7    Customer Lists

    1.4.2.8    Internal Financial/Accounting Information

    1.4.2.9    Operations Information

    1.4.2.10    License Agreements

    1.4.2.11    Development Agreements

    1.4.2.12    Agreements with Sales Representatives

    1.4.2.13    Prices Charged to Customers

    1.4.2.14    Business Relationships with Third Parties

    1.4.2.15    Current Product Development and Production

    1.4.2.16    Costs Related Information

    1.4.3    Protected Information shall not include: information that is in the public domain at the time of disclosure (except such information in the public domain which may be treated as a trade secret due to the effort involved

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 3
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

in collecting and maintaining such information); information which after disclosure is published or becomes part of the public domain through no fault of a Party receiving information under this Protective Order, but only after it is published or comes into the public domain (subject to the same trade secret exclusion stated above); information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure; information independently derived by a Party receiving Protected Information without reference to any Protected Information, as evidenced by documentation; or information disclosed by a third party having the legal right to do so.

1.5   "Document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure Rule 34(a).

1.6   "Employees" means regular full or part-time employees and also temporary personnel who are providing consulting, technical, legal, secretarial, clerical and/or administrative services only to the designated employer.

**2.0   Designations of Protected Information**

2.1   Each Designating Party who produces or discloses any material that the Designating Party reasonably believes to contain or reveal Protected Information may designate the same Confidential or Confidential – Attorneys' Eyes Only.

2.2   The Parties must make a good-faith determination that any information designated "Confidential" or "Confidential – Attorneys' Eyes Only" warrants protection under Federal Rule of Civil Procedure 26(c). Designations of material as "Confidential" or "Confidential – Attorneys' Eyes Only" must be narrowly tailored to include only material for which there is good cause.

2.3   Documents may be designated as "Confidential" only if, prior to production, the document is clearly marked with a legend which states:

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 4
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

CONFIDENTIAL

2.4   Documents may be designated as "Confidential – Attorneys' Eyes Only" only if, prior to production, the document is clearly marked with a legend which states:

CONFIDENTIAL – ATTORNEYS' EYES ONLY

2.5   An answer to an Interrogatory or response to a Request for Admission may be designated as the appropriate category of Protected Information by a statement made therein.

2.6   A deposition transcript or a portion thereof may be designated as the appropriate category of Protected Information by so designating on the record at the deposition or designating any portion of the transcript as "Confidential" or "Confidential – Attorneys' Eyes Only" within thirty (30) calendar days following the mailing of the transcript or videotape by the court reporter or videographer to the deponent's counsel.  Such notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portions of the transcript or videotape that contain Protected Information as either "Confidential" or "Confidential – Attorneys' Eyes Only", and directing the reporter to mark that portion of the transcript or videotape accordingly.  Until expiration of the thirty (30) day period specified in this Section 2.6, all deposition transcripts and/or videotapes shall be considered and treated as "Confidential – Attorneys' Eyes Only".

2.7   Counsel of record shall exert their best efforts to raise claims of confidentiality prior to the disclosure of Protected Information.

2.8   Notwithstanding the provisions of Sections 2.2 – 2.7 of this Protective Order, failure of counsel to designate and/or mark any Protected Information as "Confidential" or "Confidential – Attorneys' Eyes Only" as provided above shall not preclude the disclosing Party from thereafter in good faith making such a designation and requesting the Receiving Party to so mark and treat such Protected Information so

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 5
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

designated. After such designation, such Protected Information shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation subject to any objection procedure provided herein. The Receiving Party, however, shall incur no liability for disclosures made prior to notice of such designation. The Parties shall confer in good faith to correct the designation and shall take all necessary steps to prevent further dissemination of the subject materials.

**3.0     Disclosure of Protected Information**

3.1     Information designated "Confidential", including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may only be disclosed to the following persons:

3.1.1   outside counsel of record for each Party and the Employees of outside counsel of record ("Outside Counsel") who are assisting in this litigation and whose duties require access to Protected Information, which shall include:

For Plaintiff: James W. Anable, W. David Shenk, and any other attorneys of CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC;

For Defendants: Patrick M. Dwyer and any other attorneys of Patrick M. Dwyer PC.:

3.1.2   independent experts and/or consultants retained by counsel of record for each Party, subject to the provisions of Section 4.0 of this Protective Order, except that this paragraph 3.1.2 does not authorize the provision of Protected Information to: (a) any expert witness or consultant who is employed, or has been employed within the last two (2) years, by a competitor

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 6
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

of the entity (either a Designating Party or a third-party whose documents are designated by a Designating Party) that is the source of the Protected Information; (b) any expert witness or consultant who regularly consults for such a competitor; or (c) any expert witness or consultant contemplating employment or a regular consulting relationship with such a competitor.

      3.1.3   in-house attorneys for each Party, and Employees who are assisting such in-house attorneys in this litigation in filing and/or administrative duties and whose duties require access to Protected Information;

      3.1.4   employees or representatives of each Party who are necessary to the Party's preparation and pursuit of claims and defenses in this action;

      3.1.5   third parties specifically retained to assist outside counsel in copying or computer coding of documents, but only for purposes of copying or computer coding Protected Information;

      3.1.6   qualified persons taking or recording testimony involving Protected Information and their Employees whose duties require access to Protected Information;

      3.1.7   the Court and the Court's staff; and

      3.1.8   such other persons as the Parties agree to in writing prior to any disclosure of Protected Information.

      3.2   Information designated "Confidential – Attorneys' Eyes Only", including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may only be disclosed to the following persons: persons falling within the categories specified in Sections 3.1.1, 3.1.2, 3.1.5, 3.1.6, 3.1.7, and 3.1.8 of this Protective Order, but shall in no case be disclosed to persons who are involved in competitive decision making or intellectual property enforcement or licensing decisions for the Parties.

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 7
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS^PLLC
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

3.3     Protected Information shall not be made available to any person except as authorized under this Protective Order, and no person identified in Sections 3.1.2 and 3.1.5 shall have access to Protected Information without having first read, acknowledged and agreed in writing (in the form of the Declaration and Undertaking attached hereto as Exhibit A) to be bound by this Protective Order.  A file of all such written acknowledgments shall be maintained by the Party obtaining them, and copies of such written acknowledgments shall be provided to all counsel of record upon request.

3.4     Each individual who receives any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

3.5     If the recipient of any Protected Information learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons execute the Declaration and Undertaking in the form attached hereto as Exhibit A.

**4.0     Objections to Disclosures**

4.1     Not less than ten (10) business days prior to the initial disclosure of Protected Information to any person falling under the provisions of Section 3.1.2 or Section 6.6 of this Protective Order, the Party planning to make such disclosure shall first serve (by e-mail and mail) on the Designating Party (and on each opposing Party, if the Designating Party is other than one of the other Parties) the name, address,

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 8
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESSPLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

present employer, title, current resume, curriculum vitae, or biography, and an executed Declaration and Undertaking in the form of Exhibit A.

4.2    Within the ten (10) business day period before disclosure of the Protected Information to the proposed recipient, the Party or non-party whose Protected Information is concerned may serve (by e-mail and mail) a written objection to disclosure to such person.  Such an objection shall stay disclosure to the proposed recipient.  Failure to serve a written notice of objection within ten (10) business days shall be deemed approval of disclosure to a proposed recipient.

4.3    If a written objection is served pursuant to Section 4.2, the Parties shall attempt to resolve the objection by meeting and conferring within ten (10) business days of service of the written objection.  If the objection is not resolved by meeting and conferring, the Party seeking to prevent disclosure shall file a motion, to be heard on the earliest date available.  Failure to file such a motion within ten (10) business days of meeting and conferring or at the conclusion of the ten-day period to meet and confer shall preclude a Party from objecting to the disclosure of Protected Information to the person about whom the objection is raised.  The disclosure of Protected Information to such proposed person shall be withheld pending the ruling of the Court on any such motion.  On any such motion, the Party seeking to prevent disclosure to a person proposed for approval shall have the burden of proof.

4.4    If at any time during the pendency or trial of this action, counsel for any Party claims that a Designating Party is unreasonably designating certain information as "Confidential" or "Confidential – Attorneys' Eyes Only", the objecting Party may serve a captioned notice of objection on the Designating Party and all Parties, identifying with particularity the items to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item.  If the Designating Party does not re-designate the material within ten (10) business days after service of such notice, the objecting Party may file and serve a motion for an

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 9
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE: 206.682.8100

order that the material be re-designated. On any such motion, the Designating Party seeking to prevent re-designation shall have the burden of proof. The original designation shall remain effective until three (3) business days after an Order is entered re-designating the materials.

**5.0  Use of Protected Information**

5.1  Protected Information disclosed pursuant to this Protective Order shall, unless otherwise ordered by this Court, be used by a recipient thereof solely for the purpose of this action and not for any other action or for any business or competitive purposes or for any other reason. Protected Information shall not be used for any purposes other than in the prosecution or defense of claims asserted in this action. In no event shall any person receiving Protected Information use it for commercial or competitive purposes or make any public disclosure of the contents thereof. Nothing contained in this Protective Order, however, shall affect the right of the Designating Party to disclose information designated solely by it under this Protective Order.

5.2  No person shall disclose to anyone not specified in Section 3.0 of this Protective Order any Protected Information without prior written consent of the Designating Party or further Order of this Court.

**6.0  Depositions Involving Protected Information**

6.1  At any deposition session, when counsel of record for a Designating Party deems that a question and/or the answer to a question will result in the disclosure of Protected Information, counsel may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" the portion of the transcript or videotape containing such question or answer.

6.2  Any portion of a transcript designated as "Confidential" or "Confidential – Attorneys' Eyes Only" Protected Information shall be transcribed separately from the remainder of the transcript of the deposition and designated in the manner set forth in Section 2.0 of this Protective Order.

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 10
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE: 206.682.8100

6.3     During the portion of a deposition in which Protected Information will be disclosed, counsel of record for the Designating Party may request that all persons other than the individuals specified in Section 3.1 (for "Confidential" Protected Information) or Section 3.2 (for "Confidential – Attorneys' Eyes Only" Protected Information) leave the deposition room prior to disclosure of Protected Information. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel of record to advise the witness not to answer the question.

6.4     Where appropriate, in light of the amount of Protected Information likely to be disclosed at a given deposition, counsel of record for the Parties may agree at the beginning of or during the deposition that the entire transcript and/or videotape shall be designated "Confidential" or "Confidential – Attorneys' Eyes Only", subject to review of the transcript and withdrawal of any unnecessary "Confidential" or "Confidential – Attorneys' Eyes Only" designation by the Designating Party within thirty (30) days of receipt of the transcript.  Section 6.4 is made expressly subject to the provisions set forth in Section 4.4.

6.5     A person not otherwise permitted to receive a disclosure of Protected Information under Sections 3.1 and 3.2 of this Protective Order may be shown such Protected Information, and may be examined or deposed about such Protected Information, if the Protected Information itself reveals that such person legitimately had access to that Protected Information at some earlier time.  This exception does not permit any person who has received a disclosure of Protected Information to have access to any other Protected Information, even if that information is similar or of the same type.

6.6     A deponent or examined witness not otherwise permitted to receive a disclosure of Protected Information under Sections 3.1 and 3.2 of this Protective Order may be shown such Protected Information at a duly noticed deposition, and may be

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 11
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

examined or deposed about such Protected Information, provided that: (a) the procedures set out in Section 4.1 have been followed, and either no objection pursuant to Section 4.2 has been made, or any such objections have been resolved pursuant to Section 4.3; or (b) the witness first signs the Declaration and Undertaking in the form attached hereto as Exhibit A at the deposition. If any Party or Designating Party objects at the deposition to the disclosure of Protected Information to a deponent at deposition, then that objection to showing Protected Information to the deponent shall be resolved before any Protected Information is shown to the deponent. In the event such an objection cannot be resolved during the deposition, then the objecting Party or Designating Party (the party who raised the objection and caused the deponent to not be questioned regarding Protected Information) shall be required to pay all costs other than attorneys' fees incurred by the witness, the other Party, and/or the Designating Party if it is necessary to reconvene the deposition to conclude questioning about the Protected Information.

**7.0   Court Filings Including Protected Information**

7.1   Any written material constituting, containing or disclosing Protected Information that is lodged or filed with the Clerk of the Court, including Court papers: shall be submitted by lodging such material with a request for filing under seal and a proposed sealing order; shall be marked "FILED UNDER SEAL"; and shall be endorsed on the front page of the written material itself with a statement substantially in the following form:

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER
IN CIVIL ACTION NO. C 06-1002 RSL
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

or

CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER
IN CIVIL ACTION NO. C 06-1002 RSL

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 12
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7.2   Each request to file Protected Information under seal shall require an individualized sealing order, which shall be accompanied by the document(s) to be filed under seal. The request shall be narrowly tailored to cover only those portions of the materials for which good cause to seal exists, while all other portions of such materials shall be filed in the public file and shall indicate where information has been redacted. All documents to be filed under seal shall be submitted to chambers in both redacted and unredacted form so that chambers staff does not have to re-assemble the whole brief or declaration.

7.3   All materials accepted by the Court for filing under seal shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.

7.4   All documents, exhibits or papers filed in connection with any proceedings related to compliance with, performance under, construction of or violation of this Protective Order shall be filed under seal.

**8.0   Pretrial, Trial, and Appeal**

8.1   This Protective Order is intended to regulate the handling of Protected Information during the pretrial period of this litigation, but shall remain in force and effect thereafter until modified, superseded or terminated on the record by agreement of the Parties hereto, by Order of this Court, or by Order of an Appellate Court.

8.2   Subject to the Federal Rules of Evidence, Protected Information may be offered in evidence at trial or any Court hearing in this action, provided that:

8.2.1   the proponent of the evidence advises the Court and the Designating Party that Protected Information will be offered prior to its offer and the Designating Party has appropriate opportunity to object to the disclosure of the Protected Information;

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 13
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

8.2.2   any documents, exhibits or papers containing Protected Information shall be filed under seal;

8.2.3   the evidence be received *in camera* or under other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to receive the appropriate category of Protected Information under the terms of this Protective Order, and

8.2.4   the trial or Court hearing transcript is treated in the manner specified in Section 6.0 of this Protective Order.

8.3   Notwithstanding the foregoing provisions, any Protected Information used openly in court hearings or trial will not be treated in any special manner absent a further Order of the Court.

**9.0   General Provisions**

9.1   Upon final termination of this action with respect to any Party, that Party shall, at the option of the Designating Party, either return to the Designating Party or destroy all Protected Information in its possession, except such pretrial and trial records as are regularly maintained by outside counsel in the ordinary course of business, which records must be protected in conformity with this Protective Order. The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation to maintain the confidentiality of all Protected Information received pursuant to this Protective Order. The Court shall retain jurisdiction over disputes arising under this Protective Order after final termination of the action, including all appeals.

9.2   This Protective Order is intended to provide a mechanism for the handling of Protected Information, the disclosure or production of which is objected to only on the basis of confidentiality. Each Party reserves the right to object to any disclosure of information or production of any document it deems Protected

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 14
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

Information on any other ground it may deem appropriate. The designation of Protected Information pursuant to this Protective Order shall not create any presumption with respect to the confidential, proprietary, or trade secret nature of any information, documents or things.

9.3     The Parties may, by joint stipulation, apply to amend this Protective Order. The amendment shall take effect once the stipulation is approved and entered by the Court.

9.4     The Court retains jurisdiction to amend this Protective Order without agreement of the Parties and to issue Orders concerning Protected Information disclosed under this Protective Order.

9.5     Notwithstanding the foregoing provisions, counsel for either Party may, without disclosing its/their contents, give advice and opinions to his or her client based on his or her evaluation of Protected Information provided by a Disclosing Party or a third party and designated as "Confidential" or "Confidential – Attorneys' Eyes Only", including for purposes of settlement discussions.

9.6     Nothing in this Protective Order shall limit or restrict the manner in which the Parties shall handle their own Protected Information.

9.7     Adherence to this Protective Order in no way constitutes an admission by any Party that any information provided in this action and not subject to this Protective Order is not proprietary or confidential.

9.8     This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person, nor obligate any Party or person to provide any discovery to which it asserts objections.

9.9     Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 15
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

specific documents or testimony as that Party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

9.10  The terms of this Protective Order shall apply to documents or information produced or disclosed by third parties in connection with this action if such third party wishes to designate the document or information Protected Information.

9.11  Each Party reserves the right to apply to the Court to modify the terms of this Protective Order in the event that the Party believes that it is necessary. In the event such an application is made, all persons described herein shall be bound by this Protective Order until it is modified by the Court.

9.12  The disclosure of Protected Information to any attorney of record shall not prevent or disqualify that attorney of record from representing any Party or any non-party in any future litigation.

9.13  If any Party or non-party, having received Protected Information, receives a subpoena or other compulsory process from any other person or entity seeking the production of the Protected Information produced by the Designating Party, counsel for the Designating Party shall be notified in writing immediately, and in no event more than three (3) court days after the receipt of the subpoena or other compulsory process, and such notification shall include copies of the subpoena or compulsory process. Absent the consent of the Designating Party, the Party or person receiving such subpoena or compulsory process shall refrain to the fullest extent permissible under law from producing the subpoenaed Protected Information. The Party or person receiving such subpoena or compulsory process also must immediately inform in writing the party who caused the subpoena or Order to issue in the other litigation that some or all the material covered by the subpoena or Order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 16
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

Order to issue. The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or Order issued. The Designating Party shall bear the full burden and all expenses of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a Party to this action to disobey a lawful directive from another court.

**10.0    Inadvertent Disclosure**

With respect to documents, things or other discovery material produced by a Party as to which the Party inadvertently failed at the time of production to assert a claim of attorney-client privilege or work-product immunity, such production shall not be a waiver of that privilege or immunity claim. Assertion of the privilege or claim of immunity shall be made as soon as practicable after learning of the inadvertent disclosure and in no event later than the date of the final pretrial conference. Upon request of the Producing Party, a Receiving Party shall return such discovery material and all copies thereof to the Producing Party provided that the cost, if any, for excising such discovery material from the paper or electronic files of the Receiving Party shall be borne by the Producing Party. A Party may, by motion, after returning the material and conferring with opposing counsel in an effort in good faith to resolve by agreement any dispute regarding the Producing Party's assertion of attorney-client

///
///
///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 17
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1  privilege or work-product immunity, contest the Producing Party's claim of privilege or work-
2  product. The determination of those claims will be made by the Court without regard to the
3  fact that such discovery material has been produced.

4

5  Dated: November 15, 2006                    CHRISTENSEN O'CONNOR
                                                JOHNSON KINDNESS<sup>PLLC</sup>
6

7                                               /s/ W. David Shenk
                                                W. David Shenk, WSBA No.: 30,797
8                                               Christensen O'Connor Johnson Kindness<sup>PLLC</sup>
                                                1420 Fifth Avenue, Suite 2800
9                                               Seattle, WA  98101-2347
                                                Telephone: 206.682.8100
10                                              Fax: 206.224.0779
                                                E-mail: david@cojk.com,
11                                              courtdocs@efiling.com
                                                Attorneys for Plaintiff Cole Screenprint, Inc.
12

13  Dated: November15, 2006                     PATRICK M. DWYER PC

14                                              /s/ Patrick M. Dwyer
                                                Patrick M. Dwyer, WSBA No.: 17,497
15                                              Patrick M. Dwyer PC
                                                1317 Sixth Avenue, Suite 404
16                                              Seattle, WA  98109
                                                Telephone: 206.550.4049
17                                              E-mail: pmdwyer@earthlink.net
                                                Attorneys for Defendants Superior Imaging
18                                              Group, Inc. and Fascination Graphics, Inc.

19
                                       **ORDER**
20
        PURSUANT TO STIPULATION, IT IS SO ORDERED.
21
        Date:  November 27, 2006
22

23

24                                              /s/ John C. Coughenour

25
                                                The Honorable John C. Coughenour
26                                              United States District Judge

27

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 18
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| COLE SCREENPRINT, INC., a Washington corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>SUPERIOR IMAGING GROUP, INC., a Washington corporation; and FASCINATION GRAPHICS, INC., a Washington corporation,<br><br>      Defendants. | No. C-06-5396 JCC<br><br>DECLARATION AND UNDERTAKING OF<br>_____ |

  I, _____, being duly sworn, state that:

  1. My address is _____.

  2. My present employer is _____.

  3. My present occupation or job description is _____

_____

_____

_____.

  4. I have received a copy of the Stipulated Protective Order entered in the above-captioned action signed by the Honorable John C. Coughenour on _____, 2006.

  5. I have carefully read and understand the provisions of the Stipulated Protective Order.

  6. I will comply with and agree to be bound by all of the provisions of the Stipulated Protective Order.

  7. I will hold in confidence, will not disclose to anyone not qualified under the

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 19
COSC\2889PL9

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

1  Stipulated Protective Order, and will use only for purposes of the above-captioned action, any
2  "Confidential" and/or "Confidential – Attorneys' Eyes Only" information which is disclosed
3  to me.
4      8.    I will return all "Confidential" and "Confidential – Attorneys' Eyes Only"
5  information which comes into my possession, and documents or things which I have prepared
6  relating thereto, to counsel for the Party by whom I am retained.
7      9.    I understand and acknowledge that violation of this Undertaking or the
8  Stipulated Protective Order may be punishable by Contempt of Court. I hereby submit to the
9  jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in
10 the above-captioned action, but I do not submit to the jurisdiction of this Court for any other
11 purpose.
12     I declare under penalty of perjury under the laws of the United States of America that
13 the foregoing is true and correct.
14     Executed this _____ day of _____, 200__ in _____.

_____

STIPULATED PROTECTIVE ORDER (C06-5396JCC) - 20
COSC\2889PL9

CHRISTENSEN O'CONNOR JOHNSON KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100